**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NO:** _____

MARTY GREENE,

        Plaintiff,

v.

SUNBELT RENTALS, INC.,

        Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Sunbelt Rentals, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, herby files this Notice of Removal to remove the above-styled action from the Circuit Court for Hillsborough County, Florida, 13th Judicial Circuit, Case No.: 21-CA-343, to the United States District Court for the Middle District of Florida, on the grounds that it is an action in which the District Courts for the United States have original jurisdiction pursuant to 28 U.S.C. § 1332.  In support of removal, Defendant states:

## PROCEDURAL HISTORY

1.      On or about January 13, 2021, Plaintiff Marty Greene ("Plaintiff") commenced the aforementioned action against Defendant by filing a Complaint in

1

the Circuit Court for Hillsborough County, Florida, 13th Judicial Circuit, titled *Marty Greene v. Sunbelt Rentals, Inc.*, Case No.: 21-CA-343.

2.     On February 4, 2021, Defendant received service of process through the service of the Summons, Complaint, Requests for Production, and Interrogatories.   Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of service of the Complaint.

## STANDARD FOR REMOVAL

3.     A defendant may remove an action to a United States District Court if that court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  District Courts have original jurisdiction over actions "where the matter in controversy exceeds the sum or value of $75,000," and the action is between "citizens of different States."  28 U.S.C. § 1332(a).  Otherwise stated, "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

4.     In determining the amount in controversy when "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* at 1319.

2

5.     In establishing the amount in controversy, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). To establish the amount in controversy, a defendant may introduce its "own affidavits, declarations, or other documentation." *Id.* at 755.

6.     Further, "[t]he use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case." *Katz v. Southern-Owners Ins. Co.*, No. 8:20-cv-2364-T-24 CPT, 2020 WL 6537384, at *1 (M.D. Fla. Nov. 6, 2020).

## BASIS FOR REMOVAL OF THIS ACTION

7.     This Court possesses original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1441(a) and 1332 because this civil action is between citizens of different States and the amount in controversy exceeds $75,000.

8.     First, this action is between citizens of different States because the parties are residents of different states. Specifically, Plaintiff is a resident of Florida. *See* Complaint, ¶ 2 (stating that Plaintiff "is a Hillsborough County, Florida resident"). Defendant, on the other hand, is a resident of North Carolina and South Carolina because Defendant is incorporated in North Carolina and its principal place of business is in South Carolina. *See* Dave Dec., ¶ 2, Exh. A; *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every

State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."). Because Plaintiff is a resident of Florida and Defendant is a resident of North Carolina and South Carolina, this action is between citizens of different states.

9. Second, the amount in controversy exceeds $75,000. In the Complaint, Plaintiff seeks damages for back pay, front pay, emotional distress, pain and suffering, mental anguish, pre- and post-judgment interest, and attorneys' fees and costs. *See* Complaint, Counts I, II, and III. As set forth below, Plaintiff's back pay and front pay alone establish that the amount in controversy exceeds $75,000, and the other damages Plaintiff seeks further place the amount in controversy above the $75,000 threshold.

10. In assessing back pay for purposes of removal, this Court calculates back pay from the date of the adverse employment action through the date of removal. *See, e.g., Ambridge v. Wells Fargo Bank, N.A.*, No. 8:14-cv-1212, 2014 WL 4471545, at *3 (M.D. Fla. Sep. 10, 2014) (calculating back pay from the date of termination through the date of removal). Additionally, in light of the uncertainty surrounding calculating front pay, this Court will include one year of front pay in the amount in controversy. *See id.* at *4-*5.

11. Here, the amount in controversy regarding Plaintiff's back pay and front pay is at least $85,000, exceeding the $75,000 threshold.

12.     Plaintiff worked for Sunbelt from 2018 through June 11, 2020.  *See* Complaint, ¶ 5; Dave Dec., ¶ 3, Exh. B.  In 2019, the most recent full year in which Plaintiff worked for Defendant, Plaintiff earned $50,159.49.  *See* Dave Dec., ¶ 4, Exh. C.

13.     Because Plaintiff's employment with Defendant ended on June 11, 2020, and Defendant is removing this case on February 24, 2021, the amount in controversy regarding back wages is back wages for 258 days, or 70.68 percent of one year (i.e., 258/365).  Based on Plaintiff's earnings in 2019, the amount in controversy for Plaintiff's back wages at the time of removal is at least $35,452.73 (i.e., 70.68 percent of the amount Plaintiff earned in 2019).  In fact, the amount in controversy regarding back wages is higher than 70.68 percent of Plaintiff's 2019 earnings because Plaintiff received a raise of $1.45 per hour in September 2019, making Plaintiff's hourly rate in 2020 higher than his hourly rate for most of 2019. *See* Dave Dec., ¶ 5, Exhs. D & E.  Therefore, a conservative estimate of the amount in controversy regarding only the back wages is $35,000.

14.     Next, the amount in controversy with respect to front pay easily surpasses $50,000 because, as explained above, Plaintiff earned $50,159.49 in 2019, and most of Plaintiff's 2019 wages were based on a lower hourly rate than Plaintiff would have earned in 2020.  *See* Dave Dec., ¶ 5, Exhs. D & E.  However, to be

conservative, Defendant estimates an amount of $50,000 for the amount in controversy regarding front pay.

15.     Therefore, a conservative estimate of the amount in controversy based on Plaintiff's back wages and front pay, without considering the attorney's fees and other damages Plaintiff claims, is $85,000 (i.e., $35,000 in back wages and $50,000 in front pay).  This estimate does not include the attorney's fees and emotional distress damages Plaintiff seeks.

16.     The other damages Plaintiff seeks place the amount in controversy further above the $75,000 threshold.  For example, as identified above, Plaintiff seeks attorney's fees.  Similar to back wages, attorney's fees are calculated from the date Plaintiff's attorney began representing Plaintiff through the date of removal.  *See Wheeler v. T-Mobile USA, Inc.*, No. 8:16-cv-1299-T-27AEP, 2016 WL 11493326 (M.D. Fla. Aug. 4, 2016) ("While attorneys' fees may be considered because they are authorized by the FCRA, it is only proper to consider fees that have been incurred 'at the time of removal, not later.'").  Here, the attorney's fees incurred from the date Plaintiff's attorney began representing Plaintiff to the date of the removal add several thousand dollars to the amount in controversy.

17.     Plaintiff's attorney began representing Plaintiff before Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, a prerequisite to

filing the lawsuit.  *See* Dave Dec., ¶ 6, Exh. F.  Therefore, Plaintiff incurred attorney's fees for attorney work such as communicating before and after filing the Charge of Discrimination; reviewing case documents; preparing, submitting, and handling the Charge of Discrimination; drafting, filing, and serving the Complaint, and drafting and serving discovery requests.

18.     In *Love v. N. Tool & Equip. Co.*, No. 08-20453-CIV, 2008 WL 2955124 (S.D. Fla. Aug. 1, 2008), the United States District Court for the Southern District of Florida explained that attorney's fees prior to removal in an employment discrimination case include the type of work Plaintiff's attorney performed here: "I think a reasonable estimate would include two hours to meet with the client, two hours to review the EEOC file and any additional documents the client may have had, and six hours of research into the current state of the law and to draft a one-count, two-page complaint."  *Id.* at *4.  In *Love*, the Court determined that ten hours of pre-removal attorney work was a reasonable estimate.

19.     Here, Plaintiff's attorneys have spent more time on Plaintiff's case than the plaintiff's attorney spent on the case pre-removal in *Love*.  For example, the Complaint in *Love* was only two pages and contained only one count, while Plaintiff's Complaint contains ten pages and three counts.  *See* Complaint. Therefore, it is reasonable to assume that Plaintiff's attorneys spent more time drafting the Complaint than the attorneys did in *Love*.  Additionally, unlike in *Love*,

Plaintiff served discovery requests with the Complaint, so Plaintiff's attorneys spent additional time preparing those requests that the attorneys in *Love* did not. *See* Dave Dec., ¶ 7, Exh. G.  Therefore, based on the length of the Complaint, the discovery requests, and other work Plaintiff's attorneys have performed in this case, it is not unreasonable to assume that Plaintiff's attorneys have spent at least 20 hours on this case thus far.  The average fee rate between the two attorneys listed on the Complaint is at least $300 (*See* Dave Dec., ¶ 8, Exh. H), so a conservative estimate of attorney's fees for purposes of the amount in controversy is $6,000.  Therefore, after adding conservative estimates of back wages, front pay, and attorney's fees, the amount in controversy is at least $91,000.

20.     Finally, as identified above, Plaintiff seeks damages for emotional distress, pain and suffering, and mental anguish.  Although those damages may not be calculable at this point, the Court can assume that the damages sought by Plaintiff are greater than zero.  *See, e.g.*, *Ambridge v. Wells Fargo Bank, N.A.*, No. 8:14-cv-1212, 2014 WL 4471545, at *5 (M.D. Fla. Sep. 10, 2014) (using "[j]udicial experience, common sense, and the submitted evidence" to estimate damages).  These non-zero damages put the amount in controversy above $91,000, far exceeding the $75,000 threshold.

21.    Here, the evidence, along with reasonable inferences and deductions, establishes that the amount in controversy easily exceeds the $75,000 threshold for diversity jurisdiction.

22.    Removal to this Court is proper because the state court action was filed in the Circuit Court, Thirteenth Judicial Circuit for Hillsborough County, and, therefore, this is "the district court of the United States for the district and division within which such action is pending."   28 U.S.C. § 1446(a).   Additionally, the Complaint alleges that a substantial part of the acts complained of occurred primarily in Tampa, Hillsborough County, Florida.   (Complaint ¶¶ 1, 2). Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 89(b) and 1441(a).

23.    Defendant has complied with all conditions precedent to removal.

24.    This Notice of Removal is being served upon Plaintiff by notifying his attorneys of record, Kathryn C. Hopkinson, Esq. and James M. Thompson, Esq., Thompson Legal Center, LLC, 777 S. Harbour Island Blvd., Suite 245, Tampa, Florida 33602, Telephone: (813) 769-3900.

25.    Pursuant to 28 U.S.C. § 1446(a), Defendant has attached a copy of all documents served on it in the state court action.   True and legible copies of all process, pleadings and orders served by or upon Defendant are attached hereto as Exhibit "1."

26.    Pursuant to Local Rule 1.06(b), true and legible copies of each paper docketed in the state court action are attached hereto as Exhibit "2."

27.    Defendant has also filed a Notice of Filing Notice of Removal ("Notice of Filing") with the Circuit Court of Hillsborough County Florida, 13th Judicial Circuit, the court from which this action is being removed.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "3."[1]

WHEREFORE, Defendant Sunbelt Rentals, Inc., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully files this Notice of Removal to remove this action from the Circuit Court of Hillsborough County, Florida, 13th Judicial Circuit, to this Court.

Dated: February 24, 2021

**SMITH, GAMBRELL & RUSSELL, LLP**

By: _/s/ Patricia J. Hill_
Patricia J. Hill, Florida Bar No. 091324
E-mail: pjhill@sgrlaw.com
Yash B. Dave, Florida Bar No. 068573
E-mail: ydave@sgrlaw.com
Emily E. Tichenor, Florida Bar No. 123945
E-mail: etichenor@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202
Telephone: (904) 598-6100
Facsimile: (904) 598-6240
*Attorneys for Defendant Sunbelt Rentals, Inc.*

---

[1] Omitted from Exhibit "B" is Exhibit "1" of the Notice of Filing Notice of Removal that consists of this Notice of Removal and exhibits.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and have served a copy of foregoing along with a copy of the Notice of Electronic Filing to Plaintiff's counsel as indicated below.

*Via U.S. Certified Mail,*
*Return Receipt Requested*
Kathryn C. Hopkinson, Esq.
James M. Thompson, Esq.
Thompson Legal Center, LLC
777 S. Harbour Island Blvd., Suite 245
Tampa, Florida 33602
Telephone: (813) 769-3900
*Attorneys for Plaintiff Marty Greene*

By: _____/s/ Patricia J. Hill_____
Attorney

· IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
A CIVIL ACTION

**TRUE COPY**
**SERVED**
DATE: 2/4/21
TIME: 4:19 A
ID #: 0198TF
J. Ross

MARTY GREENE,
    Plaintiff,

v.

CASE NO.:   21-CA-343
DIVISION:   K

SUNBELT RENTALS, INC.,
    Defendant.

_____/

THE STATE OF FLORIDA:
All and Singular the Sheriffs of the State:

<u>SUMMONS</u>

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in the above styled case upon the Defendant:

        DANNY CHIPP, REGISTERED AGENT
        C/O SUNBELT RENTALS, INC.
        2015 DIRECTORS ROW
        ORLANDO, FL 32809

Each defendant is required to serve written defenses to the Complaint on:

        KATHRYN C.; HOPKINSON, ESQ.
        Thompson Legal Center, LLC
        777 S. Harbour Island Blvd. Ste. 245
        Tampa, Florida 33602

within twenty (20) days after service of this Summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs Attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

WITNESS my hand and the seal of this Court on the 14th day of January, 2021.

                    CINDY STUART
                    As Clerk of the Court

                    By: V Phillips
                    Deputy Clerk

**EXHIBIT 1**

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
A CIVIL ACTION

MARTY GREENE,
      Plaintiff,

                                    CASE NO.:
v.                                    DIVISION:

SUNBELT RENTALS, INC.,           COMPLAINT FOR DAMAGES
      Defendant.                  JURY TRIAL DEMANDED
_____/

## COMPLAINT

Plaintiff, MARTY GREENE, sues Defendant, SUNBELT RENTALS, INC., and states as follows:

### GENERAL ALLEGATIONS

1.      Defendant SUNBELT RENTALS, INC. (hereinafter "Defendant" or "Sunbelt") is a foreign corporation doing business in and for Hillsborough County, Tampa, Florida.

2.      Plaintiff MARTY GREENE (hereinafter "Plaintiff" or "Greene") is a former employee of Defendant's and is a Hillsborough County, Florida resident.

3.      The amount in controversy currently exceeds $30,000.00.

4.      Plaintiff Greene is a black, African American male.

5.      Plaintiff Greene was hired by Defendant in or around 2018 as a Driver 3.

6.      At all times relevant, Plaintiff Greene adequately performed the functions of his job.

7.      At all times relevant Plaintiff Greene and the other black, African American employees were subjected to rampant racism in the workplace.

8.      In or around September of 2019, Plaintiff Greene made a complaint to Human Resources against supervisor Aaron Cook (white) alleging near-constant use, verbally and in

writing, of the word "nigger," "cock," etc., as well as many other racist remarks verbally and via text message such as "these fucking niggers must not think I'm going to find out about this," racist actions and disparate treatment based on color (black) and race (African American).

9.     Several of Plaintiff Greene's black co-workers also complained about the rampant racism and disparate treatment based on race and color perpetuated by Defendant and Mr. Cook.

10.    Mr. Cook's response to these legally protected complaints was to state, "[t]hese niggers must not think I'm going to find out about this."

11.    Immediately following the complaints, Mr. Cook became even more hostile and discriminatory towards Plaintiff Greene.

12.    Plaintiff Greene's complaints were ignored by Defendant.

13.    Mr. Cook's discrimination and harassment continued and intensified.

14.    In or around May of 2020, after months of daily hostility, discrimination, racism, and harassment, Mr. Cook got in Plaintiff Greene's face, yelling at him, and Plaintiff Greene told Mr. Cook to get out of his face in a forceful manner.

15.    Plaintiff Greene was written up for standing up for himself against Mr. Cook.

16.    Again, Plaintiff Greene's complaints of discrimination, harassment, and retaliation based on race and color were ignored by Defendant.

17.    In or around the beginning of June of 2020, Plaintiff Greene suffered dehydration, passed out while operating a forklift, and hit a fence causing very minor damage.

18.    Defendant took this opportunity to immediately fire Plaintiff Greene for the pretextual reason of getting in an accident with the forklift.

19.    If Plaintiff Greene was not a black, African American, and had not complained of discrimination, harassment, and retaliation, Plaintiff Greene would not have been fired.

20.     There are several comparators that were white or had not complained of discrimination, harassment, or retaliation, that had not even been counseled or written up for getting into much worse accidents.

21.     Plaintiff Greene was pretextually terminated on or around June 11, 2020.

22.     The above describes only a small portion of the discriminatory, harassing and retaliatory actions taken against Plaintiff Greene. Plaintiff Greene reserves the right to amend his complaint as the case moves forward.

## COUNT I
### Color Discrimination and Harassment – FCRA

23.     Plaintiff Greene realleges paragraphs 1-22 as if fully alleged herein.

24.     This action is brought against Defendant pursuant to The Florida Civil Rights Act; Florida Statutes Chapter 760 ("Chapter 760").

25.     At all times relevant, Defendant Sunbelt employed over fifteen (15) employees.

26.     Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination and harassment by subjecting Plaintiff Greene to disparate treatment based on his color (black) in violation of Chapter 760.

27.     The above-described discriminatory and harassing conduct adversely affected the terms and conditions of Plaintiff Greene's employment and interfered with Plaintiff Greene's emotional well-being.

28.     Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 1-22.

29.     As a result of the discriminatory and harassing actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Greene from further discrimination, Plaintiff Greene suffered emotional distress.

30.   Defendant violated Chapter 760 by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of their employees and management as described in paragraphs 1-22.

31.   Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination and harassment from the workplace and to prevent it from occurring in the future.

32.   Plaintiff Greene is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other harassing and discriminatory practices against him which are not yet fully known. At such time as said harassing and discriminatory practices become known to him, Plaintiff Greene will seek leave of Court to amend this Complaint in that regard.

33.   Plaintiff Greene dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR") against Defendant on or around June 23, 2020. Over 180 days have elapsed since filing his charges. Accordingly, Plaintiff Greene has exhausted his administrative remedies.

34.   As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff Greene has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Greene is thereby entitled to general and compensatory damages in amounts to be proven at trial.

35.   As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Greene has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has

thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Greene, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Greene requests that attorneys' fees and costs be awarded pursuance to Chapter 760 and applicable State law.

36.     Plaintiff Greene demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff Greene prays this Court award judgment in his favor against Defendant Sunbelt for compensatory damages including back pay, front pay (or reinstatement) and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

## COUNT II
### Race Discrimination and Harassment – FCRA

37.     Plaintiff Greene realleges paragraphs 1-22 as if fully alleged herein.

38.     This action is brought against Defendant pursuant to The Florida Civil Rights Act; Florida Statutes Chapter 760 ("Chapter 760").

39.     At all times relevant, Defendant Sunbelt employed over fifteen (15) employees.

40.     Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination by subjecting Plaintiff Greene to disparate treatment based on his race (African American) in violation of Chapter 760.

41.     The above-described discriminatory conduct adversely affected the terms and conditions of Plaintiff Greene's employment and interfered with Plaintiff Greene's emotional well-being.

42.     Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 1-22.

43.   As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Greene from further discrimination, Plaintiff Greene suffered emotional distress.

44.   Defendant violated Chapter 760 by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of their employees and management as described in paragraphs 1-22.

45.   Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

46.   Plaintiff Greene is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other harassing and discriminatory practices against him which are not yet fully known. At such time as said harassing and discriminatory practices become known to him, Plaintiff Greene will seek leave of Court to amend this Complaint in that regard.

47.   Plaintiff Greene dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR") against Defendant on or around June 23, 2020. Over 180 days have elapsed since filing his charges. Accordingly, Plaintiff Greene has exhausted his administrative remedies.

48.   As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff Greene has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities subject to mitigation due to

the job Plaintiff obtained after discharge. Plaintiff Greene is thereby entitled to general and compensatory damages in amounts to be proven at trial.

49.     As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Greene has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Greene, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Greene requests that attorneys' fees and costs be awarded pursuance to Chapter 760 and applicable State law.

50.     Plaintiff Greene demands trial by jury on all issues so triable.

Wherefore, Plaintiff Greene prays this Court award judgment in his favor against Defendant Sunbelt for compensatory damages including mitigated back pay, mitigated front pay (or reinstatement) and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

## COUNT III
### Retaliation – FCRA

51.     Plaintiff Greene realleges paragraphs 1-22 as if fully alleged herein.

52.     This action is brought against Defendant pursuant to The Florida Civil Rights Act; Florida Statutes Chapter 760 ("Chapter 760").

53.     At all times relevant, Defendant Sunbelt employed over fifteen (15) employees.

54.     Plaintiff Greene began complaining of race and color discrimination and harassment in or around September of 2019.

55.   Plaintiff Greene began to be treated even worse and was put under a microscope after complaining of discrimination and harassment.

56.   Plaintiff Greene was immediately retaliated against and was pretextually terminated on or around June 11, 2020.

57.   Defendant engaged in retaliation against Plaintiff Greene after he engaged in protected activity by subjecting Plaintiff Greene to further hostility, further discrimination, further harassment and ultimately pretextually terminating him.

58.   The above-described retaliatory conduct adversely affected the terms and conditions of Plaintiff Greene's employment and interfered with Plaintiff Greene's emotional well-being.

59.   As a result of the retaliatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Greene from further retaliation, Plaintiff Greene suffered emotional distress.

60.   Plaintiff Greene is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other retaliatory practices against him which are not yet fully known. At such time as said retaliatory practices become known to him, Plaintiff Greene will seek leave of this Court to amend this Complaint in that regard.

61.   Plaintiff Greene dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR") against Defendant on or around June 23, 2020. Over 180 days have elapsed since filing his charges. Accordingly, Plaintiff Greene has exhausted his administrative remedies.

62.   As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against him, Plaintiff Greene has suffered and will continue to suffer pain and suffering,

mental anguish and emotional distress and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Greene is thereby entitled to general and compensatory damages in amounts to be proven at trial.

63.     As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Greene has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Greene, who therefore will seek leave of this Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Greene requests that attorneys' fees and costs be awarded pursuant to Chapter 760 and applicable State law.

64.     Plaintiff Greene demands trial by jury on all issues so triable.

Wherefore, Plaintiff Greene prays this Court award judgment in his favor against Defendant Sunbelt for compensatory damages including back pay, front pay (or reinstatement) and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

Dated: January 13, 2021                         Respectfully Submitted,

                                                /s/ Kathryn C. Hopkinson
                                                **Kathryn C. Hopkinson, Esq.**
                                                Florida Bar No.: 0102666
                                                khthompsonlegal@gmail.com
                                                **James M. Thompson, Esq.**
                                                Florida Bar No.: 0861080
                                                jmthompsonlegal@gmail.com
                                                mkthompsonlegal@gmail.com
                                                agthompsonlegal@gmail.com

THOMPSON LEGAL CENTER, LLC.

777 S. Harbour Island Blvd., Suite 245
Tampa, Florida 33602
(813) 769-3900 • (813) 425-3999 Fax

*Counselors for Plaintiff Greene*

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
A CIVIL ACTION

MARTY GREENE,
      Plaintiff,

                                    CASE NO.:
v.                               DIVISION:

SUNBELT RENTALS, INC.,
      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

PROPOUNDING PARTY:   Plaintiffs,     MARTY GREENE

RESPONDING PARTY:     Defendant,    SUNBELT RENTALS, INC.

SET NUMBER:            One

**TO DEFENDANT, SUNBELT RENTALS, INC., AND ITS ATTORNEYS OF RECORD:**

Pursuant to the Florida Rules of Civil Procedure, Plaintiff, MARTY GREENE, request that Defendant, SUNBELT RENTALS, INC., respond in writing, under oath, to the following Requests for Production of Documents within forty-five (45) days of service of this request, and produce and permit inspection and copying of the documents described within forty-five (45) days at Thompson Legal Center, LLC, 777 S. Harbour Island Blvd., Suite 245, Tampa, FL 33602. In lieu of producing the documents for inspection, Defendant may forward legible copies of them to counsel for Plaintiff on or before the date of production.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are incorporated by reference whenever applicable in this document.

1. The terms "SUNBELT", "you," "your," or "Defendant," as used herein, shall mean Defendant, SUNBELT RENTALS, INC., and its servants, agents, employees, representatives, divisions, attorneys, and anyone else acting on its behalf.

2. The term "person," or "persons," as used herein, shall include any natural person, partnership, firm, corporation, trust, association, joint venture, public entity, business organization, or other legal entity.

3. The term "Plaintiff" as used herein, shall mean Plaintiff MARTY GREENE.

4.    The term "document," or "documents," as used herein, shall mean the original, or a copy of any kind, of written, typewritten, printed, or recorded material whatsoever, including, but not limited to, notes, memoranda, letters, diaries, calendars, articles, telegrams or other correspondence, worksheets, recordings, studies, analyses, opinions, books, reports, transcriptions of recordings, information retrievable from computers, pictures, drawings, photographs or other graphic representations, and any other physical means of communication, including tape recordings and magnetic tape. The term specifically includes any drafts, whether or not used, of the foregoing, and any altered or annotated copies of the foregoing.

5.    The term "Complaint," as used herein, shall mean the Complaint for Damages on file in this action.

6.    The term "personnel file," as used herein, shall include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, compensation and other similar records. For purposes of this request, the term "personnel record" need not include records of medical benefits, condition, or claims; designations of, or changes in, beneficiary; garnishments; income tax records; or insurance benefits, except as pertaining to Plaintiff's records.

7.    If any document is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such document, so as to aid the Court and the parties hereto in determining the validity of the claim of privilege or other protection:

(a)    The identity of the person(s) who prepared the document and who signed the document, and over whose name it was sent or issued
(b)    The identity of the person(s) to whom the document was directed
(c)    The nature and substance of the document, with sufficient particularity to enable the Court and the parties thereto to identify the document
(d)    The date of the document
(e)    The identity of the person(s) who has (have) custody of, or control over, the document and each copy thereof
(f)    The identity of each person to whom a copy of the document was furnished
(g)    The number of pages of the document
(h)    The basis on which any privilege or other protection is claimed
(i)    Whether any non-privileged or non-protected matter is included in the document

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR DOCUMENTS NO. 1:**

Any and all documents which support, evidence, relate or otherwise pertain to any and all personnel policies of Defendant in effect from January 1, 2011 to the present, including but not limited to:

(a)  Employee discipline policies, including but not limited to, counseling, written; warnings, suspension, demotion, and termination policies;
(b)  Discrimination policies;
(c)  Internal complaint or grievance procedures; and
(d)  Equal Employment Opportunity (EEO) policies.

**REQUEST FOR DOCUMENTS NO. 2:**

Any and all documents relating to or evidencing any investigation by Defendant into Plaintiff's claim of harassment or claim of harassment or discrimination, and or any in response to any supervisor and/or manager's notice of discrimination including but not limited to:

(a)  Written statements of witnesses;
(b)  Notes of interviews with witnesses;
(c)  Tape recordings of any and all oral statements and/or interviews of witnesses;
(d)  Transcriptions of any tape recordings of any and all oral statements and/or interviews of witnesses;
(e)  Reports regarding the results of any and all investigations;
(f)  Correspondence received from or sent to Plaintiff;
(g)  Correspondence received from or sent to Defendant;
(h)  Correspondence received from or sent to any person other than Defendant's counsel;
(i)  Documents relating to or evidencing discussions between Plaintiff and Defendant;
(j)  Documents relating to or evidencing discussions between Defendant and any person other than Defendant's counsel; and
(k)  Documents received from or sent to any person other than Defendant's counsel.

**REQUEST FOR DOCUMENTS NO. 3:**

Any and all documents which support, evidence, relate to, or otherwise reflect any action taken by Defendant in response to Plaintiff's complaints of harassment and/or discrimination and/or in response to Defendant's discovery that harassment and/or discrimination against the Plaintiff may have occurred.

**REQUEST FOR DOCUMENTS NO. 4:**

The complete personnel file for Plaintiff Marty Greene, including but not limited to, any documents, records, memoranda, notes, or computer printouts which, were part of Plaintiff's personnel file at any time.

**REQUEST FOR DOCUMENTS NO. 5:**

Any and all documents not included in Plaintiff's personnel files which support, evidence, relate or otherwise pertain to Plaintiff's employment with Defendant, including, but not limited to, documents relating to or reflecting job performance, awards to Plaintiff, or discipline of Plaintiff.

**REQUEST FOR DOCUMENTS NO. 6:**

The complete personnel file of each manager over Plaintiff employed by Defendant from January 1, 2018 to the present, including but not limited to, any documents, records, memoranda, notes, or computer printouts which, were part of said employee's personnel file at any time.

**REQUEST FOR DOCUMENTS NO. 7:**

Any and all documents submitted to and/or received from the U.S. Equal Employment Opportunity Commission which concern or relate in any way to Plaintiff's charges of harassment and discrimination filed with said agency.

**REQUEST FOR DOCUMENTS NO. 8:**

Any and all documents submitted to and/or received from the Florida Commission on Human Relations which concern or relate in any way to Plaintiff's charges of harassment and discrimination filed with said agency.

**REQUEST FOR DOCUMENTS NO. 9:**

Any and all employee handbooks which you gave to Plaintiff during Plaintiff's employment with you.

**REQUEST FOR DOCUMENTS NO. 10:**

Any and all documents which support or evidence compensation paid to Plaintiff during Plaintiff's employment with you, including but not limited to, salary, bonuses, and commissions.

**REQUEST FOR DOCUMENTS NO. 11:**

Any and all documents which support or evidence employee benefits which you provided to Plaintiff during Plaintiff's employment with you, including but not limited to, a description of plan benefits and/or plan handbooks, or pamphlets for profit-sharing plans, medical and dental insurance, retirement benefits, and life insurance.

**REQUEST FOR DOCUMENTS NO. 12:**

Any and all documents which support, evidence, relate or otherwise pertain to any lawsuits, complaints, charges, or claims of employment discrimination/harassment made against Defendant in the region Plaintiff worked (other than those filed by Plaintiff) from January 1, 2018 to the present.

**REQUEST FOR DOCUMENTS NO. 13:**

Any and all documents which reflect or set forth Plaintiff's job assignments, duties and responsibilities during Plaintiff's work at Defendant.

**REQUEST FOR DOCUMENTS NO. 14:**

Any and all documents received through discovery in this case from any non-party relating to the Plaintiff.

**REQUEST FOR DOCUMENTS NO. 15:**

Please provide all disciplining records including but not limited to coachings, counselings, warnings, corrective actions and all other documents concerning job performance issues for each employee at Plaintiff's work location (8419 Palm River Road, Tampa, FL) between January 1, 2018 through January 1, 2021.

**REQUEST FOR DOCUMENTS NO. 16:**

Please provide all evaluations, performance planning and Appraisal documents, Annual Reviews, Performance Documents, Evaluations, Performance Appraisals, and/or any other performance documents, appraisals and evaluations for each employee at Plaintiff's work location (8419 Palm River Road, Tampa, FL) from January 1, 2018 through January 1, 2021.

**REQUEST FOR DOCUMENTS NO. 17:**

All documents which constitute or refer to communications between you and any third party pertaining or referring to the Plaintiff's individual job skills or qualifications.

**REQUEST FOR DOCUMENTS NO. 18:**

The Plaintiff's applications for employment with you, and if more than one, all applications for employment.

**REQUEST FOR DOCUMENTS NO. 19:**

Any resume or resumes of the Plaintiff which you received from any source.

**REQUEST FOR DOCUMENTS NO. 20:**

Documents which refer or constitute communications, including text messages, between Plaintiff and any of Defendant's supervisors or managers during Plaintiff's employment with you, including but not limited to documentation describing or constituting organizational charts, memos, letters, e-mails and the attachments, rebuttals, explanations, complaints.

**REQUEST FOR DOCUMENTS NO. 21:**

Any and all documents showing commendations or awards to Plaintiff during Plaintiff's employment with you, whether from the company itself, a customer, or from any source.

**REQUEST FOR DOCUMENTS NO. 22:**

Any and all documents reflecting any e-mail sent by you during Plaintiff's employment, to or concerning Plaintiff; this request includes e-mails in which Plaintiff is not copied.

**REQUEST FOR DOCUMENTS NO. 23:**

All documents which you believe relate to any of the allegations contained in Plaintiff's instant Complaint.

**REQUEST FOR DOCUMENTS NO. 24:**

Each and every document which you believe supports any and all denials of the allegations in Plaintiff's instant Complaint.

**REQUEST FOR DOCUMENTS NO. 25:**

Documents describing, summarizing or referring to any investigation conducted by you, at any time referring in any way to any employee's allegations of discrimination.

**REQUEST FOR DOCUMENTS NO. 26:**

The complete personnel files for the following past and/or current employees:
    (a) Marty Greene
    (b) Aaron Cook
    (c) Steven Jackson

Respectfully Submitted,

*/s/ Kathryn C. Hopkinson, Esq.*
**Kathryn C. Hopkinson, Esq.**
Florida Bar No.: 0102666
khthompsonlegal@gmail.com
**James M. Thompson, Esq.**

6

Florida Bar No.: 0861080
jmthompsonlegal@gmail.com
mkthompsonlegal@gmail.com
agthompsonlegal@gmail.com
clerk.thompsonlegal@gmail.com

THOMPSON LEGAL CENTER, LLC

777 S. Harbour Island Blvd., Ste. 245
Tampa, Florida 33602
(813) 769-3900 • (813) 425-3999 Fax

*Counselors for Plaintiff Greene*

## CERTIFICATE OF SERVICE

**HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via hand delivery via process server to the following:

DANNY CHIPP, REGISTERED AGENT
C/O SUNBELT RENTALS, INC.
2015 DIRECTORS ROW
ORLANDO, FL 32809

*s/Kathryn C. Hopkinson, Esq.*
Kathryn C. Hopkinson, Esq.
Florida Bar No. 0102666

· IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
A CIVIL ACTION

MARTY GREENE,
     Plaintiff,

v.

SUNBELT RENTALS, INC.,
     Defendant.

_____/

CASE NO.:
DIVISION:

## PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, Marty Greene, hereby propounds the following eight (8) Interrogatories to the Defendant, Sunbelt Rentals, Inc., to be answered in writing and under oath within the time provided by the Rules of Civil Procedure.

Respectfully Submitted,

*/s/ Kathryn C. Hopkinson, Esq.*
**Kathryn C. Hopkinson, Esq.**
Florida Bar No.: 0102666
khthompsonlegal@gmail.com
**James M. Thompson, Esq.**
Florida Bar No.: 0861080
jmthompsonlegal@gmail.com
mkthompsonlegal@gmail.com
agthompsonlegal@gmail.com
clerk.thompsonlegal@gmail.com

THOMPSON LEGAL CENTER, LLC

777 S. Harbour Island Blvd., Ste. 245
Tampa, Florida 33602
(813) 769-3900 • (813) 425-3999 Fax

*Counselors for Plaintiff Greene*

## CERTIFICATE OF SERVICE

**HEREBY CERTIFY** that a true and correct copy of the foregoing has been served by hand delivery via process server to the following:

DANNY CHIPP, REGISTERED AGENT
C/O SUNBELT RENTALS, INC.
2015 DIRECTORS ROW
ORLANDO, FL 32809

*s/Kathryn C. Hopkinson, Esq.*
Kathryn C. Hopkinson, Esq.
Florida Bar No. 0102666

· IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
A CIVIL ACTION

MARTY GREENE,
      Plaintiff,

                                          CASE NO.:
v.                                     DIVISION:

SUNBELT RENTALS, INC.,
      Defendant.
_____/

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

PROPOUNDING PARTY:   Plaintiffs,    MARTY GREENE

RESPONDING PARTY:    Defendant,    SUNBELT RENTALS, INC.

SET NUMBER:          One

**TO DEFENDANT, SUNBELT RENTALS, INC., AND ITS ATTORNEYS OF RECORD:**

Pursuant to the Florida Rules of Civil Procedure, Plaintiff, MARTY GREENE, requests that Defendant, SUNBELT RENTALS, INC., respond under oath to the following Interrogatories within forty five (45) days of service hereof.

**DEFINITIONS**

The following definitions and instructions are incorporated by reference whenever applicable in this document.

     1.     The terms "SUNBELT" "you," "your," or "Defendant," as used herein, shall mean Defendant, SUNBELT RENTALS, INC., and its servants, agents, employees, representatives, divisions, attorneys, and anyone else acting on its behalf.

     2.     The term "person," or "persons," as used herein, shall include any natural person, partnership, firm, corporation, trust, association, joint venture, public entity, business organization, or other legal entity.

     3.     The term "Plaintiff" as used herein, shall mean Plaintiff MARTY GREENE.

     4.     The term "document," or "documents," as used herein, shall mean the original, or a copy of any kind, of written, typewritten, printed, or recorded material whatsoever, including, but not limited to, notes, memoranda, letters, diaries, calendars, articles, telegrams or other

correspondence, worksheets, recordings, studies, analyses, opinions, books, reports, transcriptions of recordings, information retrievable from computers, pictures, drawings, photographs or other graphic representations, and any other physical means of communication, including tape recordings and magnetic tape. The term specifically includes any drafts, whether or not used, of the foregoing, and any altered or annotated copies of the foregoing.

5.      The term "Complaint," as used herein, shall mean the Complaint for Damages on file in this action.

6.      The term "personnel file," as used herein, shall include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, compensation and other similar records. For purposes of this request, the term "personnel record" need not include records of medical benefits, condition, or claims; designations of, or changes in, beneficiary; garnishments; income tax records; or insurance benefits, except as pertaining to Plaintiff's records.

7.      If any document is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such document, so as to aid the Court and the parties hereto in determining the validity of the claim of privilege or other protection:

    (a)    The identity of the person(s) who prepared the document and who signed the document, and over whose name it was sent or issued

    (b)    The identity of the person(s) to whom the document was directed

    (c)    The nature and substance of the document, with sufficient particularity to enable the Court and the parties thereto to identify the document

    (d)    The date of the document

    (e)    The identity of the person(s) who has (have) custody of, or control over, the document and each copy thereof

    (f)    The identity of each person to whom a copy of the document was furnished

    (g)    The number of pages of the document

    (h)    The basis on which any privilege or other protection is claimed

    (i)    Whether any non-privileged or non-protected matter is included in the document.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify any and all persons whom you contend have knowledge of the facts and circumstances alleged in the Complaint.  For each person identified, state the facts which you contend are known to each person and identify any and all documents which describe, support, or otherwise reflect the facts known to each person, as well as their last known contact information (including phone numbers and addresses).

## INTERROGATORY NO. 2

Identify any and all persons who participated, in any way, in any investigation conducted by Defendant regarding Plaintiff's claims and complaints of harassment, discrimination, and/or retaliation as set forth in the Complaint.

## INTERROGATORY NO. 3

Identify any and all employees that worked in connection with Plaintiff during the period of January 1, 2018 through the present including the job title, whether they are still employed with Defendant and if they are no longer with Defendant, the reason, and last known home address and phone number for each.

## INTERROGATORY NO. 4

Identify any and all employees who have ever supervised Plaintiff during Plaintiff's entire time working with Defendant including the job title of each such person, the time period in which each such person supervised Plaintiff, and the last known address and phone number for each.

## INTERROGATORY NO. 5

Identify any and all persons who were and/or are responsible for overseeing the performance of each employee at Plaintiff's work location, including the time frame each such person oversaw the performance of each person listed, the job title of each such person and the last known address and phone number for each such person for the time period of January 1, 2018 through the present.

## INTERROGATORY NO. 6

Identify any and all employee employed by Defendant at Plaintiff's working location during the period of January 1, 2018 through January 1, 2021, including the identity of each such employee's immediate supervisor and including the last known address and phone number for each such employee.

## INTERROGATORY NO. 7

Identify any and all persons (other than the instant Plaintiff) who, from January 1, 2017 to the present, have filed a lawsuit, complaint, administrative charge, or claim of race/national origin discrimination, sex discrimination, disability discrimination, age discrimination, and/or religious discriminations against Defendant in the state of Florida, including the identity of the person(s) accused of discrimination.

## INTERROGATORY NO. 8

State the name, address and job title or capacity of each person who prepared or assisted in the preparation of the responses to these Interrogatories.

## <u>VERIFICATION</u>

STATE OF _____)
COUNTY OF _____)

**BEFORE ME,** the undersigned authority, personally appeared _____ who, after being duly sworn, deposes and says that the foregoing Answers to Interrogatories are true and correct.

_____

as representative for Defendant.

**Sworn to or affirmed and signed** before me on this\_\_\_\_\_ day of _____, 2021.

_____
NOTARY PUBLIC or DEPUTY CLERK
(Print, type, or stamp commissioned name of notary or deputy clerk.)

_____  Personally known
_____  Produced identification
Type of identification produced_____

Respectfully Submitted,

*/s/ Kathryn C. Hopkinson, Esq.*
**Kathryn C. Hopkinson, Esq.**
Florida Bar No.: 0102666
khthompsonlegal@gmail.com
**James M. Thompson, Esq.**
Florida Bar No.: 0861080
jmthompsonlegal@gmail.com
mkthompsonlegal@gmail.com
agthompsonlegal@gmail.com
clerk.thompsonlegal@gmail.com

THOMPSON LEGAL CENTER, LLC

777 S. Harbour Island Blvd., Ste. 245
Tampa, Florida 33602
(813) 769-3900 • (813) 425-3999 Fax

*Counselors for Plaintiff Greene*

## CERTIFICATE OF SERVICE

**HEREBY CERTIFY** that a true and correct copy of the foregoing has been served by hand delivery via process server to the following:

DANNY CHIPP, REGISTERED AGENT
C/O SUNBELT RENTALS, INC.
2015 DIRECTORS ROW
ORLANDO, FL 32809

*s/Kathryn C. Hopkinson, Esq.*
Kathryn C. Hopkinson, Esq.
Florida Bar No. 0102666

**COMPREHENSIVE CASE INFORMATION SYSTEM**

Cindy Stuart, Clerk of the Circuit Court and Comptroller

HILLSBOROUGH COUNTY | CCIS

eportaluser

Expand All

| Case Number | Filed Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|
| 292021CA000343A001HC [21-CA-000343] | 01/13/2021 | HILLSBOROUG | | CLOSED | No | No |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| ARKIN, CAROLINE TESCHE | JUDGE | | |
| ARKIN, CAROLINE TESCHE | JUDGE AT DISPOSITION | | |
| HOPKINSON , KATHRYN COMLY | ATTORNEY | | |
| SUNBELT RENTALS INC | DEFENDANT | HILL, PATRICIA JEANNE | 91324 |
| GREENE, MARTY | PLANTIFF | HOPKINSON, KATHRYN COMLY | 102666 |

**Dockets** ☐

Page : 1 | ALL ▾

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 13 | 02/24/2021 | NOTICE OF REMOVAL TO FEDERAL COURT | |
| | 12 | 02/24/2021 | NOTICE OF REMOVAL TO FEDERAL COURT | |
| | 11 | 02/01/2021 | LETTER TOATTY RE: SUMMONS - khthompsonlegal@gmail.com ; jmthompsonlegal@gmail.com ; mkthompsonlegal@gmail.com | |
| | 10 | 02/01/2021 | REQUEST FOR SUMMONS TO BE ISSUED (E-Filed) | |
| 📄 | 9 | 01/14/2021 | E-FILED SUMMONS ISSUED | 1 |
| | 8 | 01/13/2021 | REQUEST TO PRODUCE | |
| | 7 | 01/13/2021 | NOTICE OF SERVICE OF INTERROGATORIES | |
| 📄 | 6 | 01/13/2021 | REQUEST FOR DIVISION ASSIGNMENT (E-FILING) | 2 |
| 📄 | 5 | 01/13/2021 | COMPLAINT | 10 |
| 📄 | 4 | 01/13/2021 | E-FILED REQUEST FOR SUMMONS TO BE ISSUED | 1 |
| 📄 | 3 | 01/13/2021 | CIVIL COVER SHEET | 2 |
| 📄 | 2 | 01/13/2021 | CIVIL COVER SHEET | 3 |
| | 1 | 01/13/2021 | File Home Location - Electronic | |

**Judge Assignment History** ☐

**Court Events** ☐

**Financial Summary** ☐

**Reopen History** ☐

EXHIBIT

2

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>THIRTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>HILLSBOROUGH</u>  COUNTY, FLORIDA

<u>Marty Greene</u>
Plaintiff

vs.

<u>Sunbelt Rentals Inc</u>
 Defendant

Case # _____
Judge _____

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

    Count 1, Color Discrimination/Harassment; Count 2, Race Discrimination/Harassment; Count 3, Retaliation

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Kathryn Comly Hopkinson    Fla. Bar # 102666
    Attorney or party        (Bar # if attorney)

Kathryn Comly Hopkinson        01/13/2021
  (type or print name)        Date

**IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA**
**A CIVIL ACTION**

MARTY GREENE,
     Plaintiff,

                                            CASE NO.:

v.                                      DIVISION:

SUNBELT RENTALS, INC.,
     Defendant.
_____/

THE STATE OF FLORIDA:
All and Singular the Sheriffs of the State:

<u>**SUMMONS**</u>

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in the above styled case upon the Defendant:

                        DANNY CHIPP, REGISTERED AGENT
                        C/O SUNBELT RENTALS, INC.
                        2015 DIRECTORS ROW
                        ORLANDO, FL 32809

Each defendant is required to serve written defenses to the Complaint on:

                        KATHRYN C.; HOPKINSON, ESQ.
                        Thompson Legal Center, LLC
                        777 S. Harbour Island Blvd. Ste. 245
                        Tampa, Florida 33602

within twenty (20) days after service of this Summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs Attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

WITNESS my hand and the seal of this Court on the ___ day of January 13, 2021.

                        PAT FRANK
                        As Clerk of the Court


                        By:_____
                        Deputy Clerk

Case 8:21-cv-00448-TPB-JSS   Document 1   Filed 02/24/21   Page 49 of 88 PageID 49

**IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA**
**A CIVIL ACTION**

MARTY GREENE,
     Plaintiff,

                                           CASE NO.:
v.                                     DIVISION:

SUNBELT RENTALS, INC.,           COMPLAINT FOR DAMAGES
     Defendant.                    JURY TRIAL DEMANDED
_____/

## <u>COMPLAINT</u>

Plaintiff, MARTY GREENE, sues Defendant, SUNBELT RENTALS, INC., and states as follows:

## <u>GENERAL ALLEGATIONS</u>

1.     Defendant SUNBELT RENTALS, INC. (hereinafter "Defendant" or "Sunbelt") is a foreign corporation doing business in and for Hillsborough County, Tampa, Florida.

2.     Plaintiff MARTY GREENE (hereinafter "Plaintiff" or "Greene") is a former employee of Defendant's and is a Hillsborough County, Florida resident.

3.     The amount in controversy currently exceeds $30,000.00.

4.     Plaintiff Greene is a black, African American male.

5.     Plaintiff Greene was hired by Defendant in or around 2018 as a Driver 3.

6.     At all times relevant, Plaintiff Greene adequately performed the functions of his job.

7.     At all times relevant Plaintiff Greene and the other black, African American employees were subjected to rampant racism in the workplace.

8.     In or around September of 2019, Plaintiff Greene made a complaint to Human Resources against supervisor Aaron Cook (white) alleging near-constant use, verbally and in

Page **1** of **10**

writing, of the word "nigger," "cock," etc., as well as many other racist remarks verbally and via text message such as "these fucking niggers must not think I'm going to find out about this," racist actions and disparate treatment based on color (black) and race (African American).

9.      Several of Plaintiff Greene's black co-workers also complained about the rampant racism and disparate treatment based on race and color perpetuated by Defendant and Mr. Cook.

10.      Mr. Cook's response to these legally protected complaints was to state, "[t]hese niggers must not think I'm going to find out about this."

11.      Immediately following the complaints, Mr. Cook became even more hostile and discriminatory towards Plaintiff Greene.

12.      Plaintiff Greene's complaints were ignored by Defendant.

13.      Mr. Cook's discrimination and harassment continued and intensified.

14.      In or around May of 2020, after months of daily hostility, discrimination, racism, and harassment, Mr. Cook got in Plaintiff Greene's face, yelling at him, and Plaintiff Greene told Mr. Cook to get out of his face in a forceful manner.

15.      Plaintiff Greene was written up for standing up for himself against Mr. Cook.

16.      Again, Plaintiff Greene's complaints of discrimination, harassment, and retaliation based on race and color were ignored by Defendant.

17.      In or around the beginning of June of 2020, Plaintiff Greene suffered dehydration, passed out while operating a forklift, and hit a fence causing very minor damage.

18.      Defendant took this opportunity to immediately fire Plaintiff Greene for the pretextual reason of getting in an accident with the forklift.

19.      If Plaintiff Greene was not a black, African American, and had not complained of discrimination, harassment, and retaliation, Plaintiff Greene would not have been fired.

20.     There are several comparators that were white or had not complained of discrimination, harassment, or retaliation, that had not even been counseled or written up for getting into much worse accidents.

21.     Plaintiff Greene was pretextually terminated on or around June 11, 2020.

22.     The above describes only a small portion of the discriminatory, harassing and retaliatory actions taken against Plaintiff Greene. Plaintiff Greene reserves the right to amend his complaint as the case moves forward.

<u>**COUNT I**</u>
<u>Color Discrimination and Harassment – FCRA</u>

23.     Plaintiff Greene realleges paragraphs 1-22 as if fully alleged herein.

24.     This action is brought against Defendant pursuant to The Florida Civil Rights Act; Florida Statutes Chapter 760 ("Chapter 760").

25.     At all times relevant, Defendant Sunbelt employed over fifteen (15) employees.

26.     Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination and harassment by subjecting Plaintiff Greene to disparate treatment based on his color (black) in violation of Chapter 760.

27.     The above-described discriminatory and harassing conduct adversely affected the terms and conditions of Plaintiff Greene's employment and interfered with Plaintiff Greene's emotional well-being.

28.     Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 1-22.

29.     As a result of the discriminatory and harassing actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Greene from further discrimination, Plaintiff Greene suffered emotional distress.

30.     Defendant violated Chapter 760 by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of their employees and management as described in paragraphs 1-22.

31.     Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination and harassment from the workplace and to prevent it from occurring in the future.

32.     Plaintiff Greene is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other harassing and discriminatory practices against him which are not yet fully known. At such time as said harassing and discriminatory practices become known to him, Plaintiff Greene will seek leave of Court to amend this Complaint in that regard.

33.     Plaintiff Greene dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR") against Defendant on or around June 23, 2020. Over 180 days have elapsed since filing his charges. Accordingly, Plaintiff Greene has exhausted his administrative remedies.

34.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff Greene has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Greene is thereby entitled to general and compensatory damages in amounts to be proven at trial.

35.     As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Greene has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has

thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Greene, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Greene requests that attorneys' fees and costs be awarded pursuance to Chapter 760 and applicable State law.

36.     Plaintiff Greene demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff Greene prays this Court award judgment in his favor against Defendant Sunbelt for compensatory damages including back pay, front pay (or reinstatement) and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

### COUNT II
#### Race Discrimination and Harassment – FCRA

37.     Plaintiff Greene realleges paragraphs 1-22 as if fully alleged herein.

38.     This action is brought against Defendant pursuant to The Florida Civil Rights Act; Florida Statutes Chapter 760 ("Chapter 760").

39.     At all times relevant, Defendant Sunbelt employed over fifteen (15) employees.

40.     Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination by subjecting Plaintiff Greene to disparate treatment based on his race (African American) in violation of Chapter 760.

41.     The above-described discriminatory conduct adversely affected the terms and conditions of Plaintiff Greene's employment and interfered with Plaintiff Greene's emotional well-being.

42.     Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 1-22.

43.     As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Greene from further discrimination, Plaintiff Greene suffered emotional distress.

44.     Defendant violated Chapter 760 by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of their employees and management as described in paragraphs 1-22.

45.     Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

46.     Plaintiff Greene is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other harassing and discriminatory practices against him which are not yet fully known. At such time as said harassing and discriminatory practices become known to him, Plaintiff Greene will seek leave of Court to amend this Complaint in that regard.

47.     Plaintiff Greene dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR") against Defendant on or around June 23, 2020. Over 180 days have elapsed since filing his charges. Accordingly, Plaintiff Greene has exhausted his administrative remedies.

48.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff Greene has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities subject to mitigation due to

the job Plaintiff obtained after discharge. Plaintiff Greene is thereby entitled to general and compensatory damages in amounts to be proven at trial.

49.     As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Greene has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Greene, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Greene requests that attorneys' fees and costs be awarded pursuance to Chapter 760 and applicable State law.

50.     Plaintiff Greene demands trial by jury on all issues so triable.

Wherefore, Plaintiff Greene prays this Court award judgment in his favor against Defendant Sunbelt for compensatory damages including mitigated back pay, mitigated front pay (or reinstatement) and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

## COUNT III
### Retaliation – FCRA

51.     Plaintiff Greene realleges paragraphs 1-22 as if fully alleged herein.

52.     This action is brought against Defendant pursuant to The Florida Civil Rights Act; Florida Statutes Chapter 760 ("Chapter 760").

53.     At all times relevant, Defendant Sunbelt employed over fifteen (15) employees.

54.     Plaintiff Greene began complaining of race and color discrimination and harassment in or around September of 2019.

55.     Plaintiff Greene began to be treated even worse and was put under a microscope after complaining of discrimination and harassment.

56.     Plaintiff Greene was immediately retaliated against and was pretextually terminated on or around June 11, 2020.

57.     Defendant engaged in retaliation against Plaintiff Greene after he engaged in protected activity by subjecting Plaintiff Greene to further hostility, further discrimination, further harassment and ultimately pretextually terminating him.

58.     The above-described retaliatory conduct adversely affected the terms and conditions of Plaintiff Greene's employment and interfered with Plaintiff Greene's emotional well-being.

59.     As a result of the retaliatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Greene from further retaliation, Plaintiff Greene suffered emotional distress.

60.     Plaintiff Greene is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other retaliatory practices against him which are not yet fully known. At such time as said retaliatory practices become known to him, Plaintiff Greene will seek leave of this Court to amend this Complaint in that regard.

61.     Plaintiff Greene dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR") against Defendant on or around June 23, 2020. Over 180 days have elapsed since filing his charges. Accordingly, Plaintiff Greene has exhausted his administrative remedies.

62.     As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against him, Plaintiff Greene has suffered and will continue to suffer pain and suffering,

mental anguish and emotional distress and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Greene is thereby entitled to general and compensatory damages in amounts to be proven at trial.

63.     As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Greene has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Greene, who therefore will seek leave of this Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Greene requests that attorneys' fees and costs be awarded pursuant to Chapter 760 and applicable State law.

64.     Plaintiff Greene demands trial by jury on all issues so triable.

Wherefore, Plaintiff Greene prays this Court award judgment in his favor against Defendant Sunbelt for compensatory damages including back pay, front pay (or reinstatement) and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

Dated: January 13, 2021                              Respectfully Submitted,

                                                     */s/* Kathryn C. Hopkinson
                                                     **Kathryn C. Hopkinson, Esq.**
                                                     Florida Bar No.: 0102666
                                                     khthompsonlegal@gmail.com
                                                     **James M. Thompson, Esq.**
                                                     Florida Bar No.: 0861080
                                                     jmthompsonlegal@gmail.com
                                                     mkthompsonlegal@gmail.com
                                                     agthompsonlegal@gmail.com

THOMPSON LEGAL CENTER, LLC.

777 S. Harbour Island Blvd., Suite 245
Tampa, Florida 33602
(813) 769-3900 • (813) 425-3999 Fax

*Counselors for Plaintiff Greene*

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIRCUIT CIVIL DIVISION**

KELLY STANTON,
      Plaintiff,                               CASE NO.:

vs.                                          DIVISION:

BAYCARE HEALTH SYSTEM, INC. d/b/a
ST. JOSEPH'S CHILDREN'S HOSPITAL,
      Defendant.
_____/

## REQUEST FOR DIVISION ASSIGNMENT

      This is a request on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

  _X_     Tampa Division

  ___     East Division

  ___     Prior Division

      I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders. If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

Dated: January 13, 2021                Respectfully Submitted,

                                          _/s/_ Kathryn C. Hopkinson
                                          **Kathryn C. Hopkinson, Esq.**
                                          Florida Bar No.: 0102666
                                          khthompsonlegal@gmail.com
                                          **James M. Thompson, Esq.**
                                          Florida Bar No.: 0861080
                                          jmthompsonlegal@gmail.com
                                          mkthompsonlegal@gmail.com
                                          agthompsonlegal@gmail.com

                                          **THOMPSON LEGAL CENTER, LLC**

777 S. Harbour Island Blvd., Ste. 245
Tampa, Florida 33602
(813) 769-3900 • (813) 425-3999 Fax

*Counselors for Plaintiff Stanton*

· **IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA**
**A CIVIL ACTION**

MARTY GREENE,
    Plaintiff,

v.

SUNBELT RENTALS, INC.,
    Defendant.

_____/

CASE NO.:
DIVISION:

## PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, Marty Greene, hereby propounds the following eight (8) Interrogatories to the Defendant, Sunbelt Rentals, Inc., to be answered in writing and under oath within the time provided by the Rules of Civil Procedure.

Respectfully Submitted,

*/s/ Kathryn C. Hopkinson, Esq.*
**Kathryn C. Hopkinson, Esq.**
Florida Bar No.: 0102666
khthompsonlegal@gmail.com
**James M. Thompson, Esq.**
Florida Bar No.: 0861080
jmthompsonlegal@gmail.com
mkthompsonlegal@gmail.com
agthompsonlegal@gmail.com
clerk.thompsonlegal@gmail.com

THOMPSON LEGAL CENTER, LLC

777 S. Harbour Island Blvd., Ste. 245
Tampa, Florida 33602
(813) 769-3900 • (813) 425-3999 Fax

*Counselors for Plaintiff Greene*

## CERTIFICATE OF SERVICE

**HEREBY CERTIFY** that a true and correct copy of the foregoing has been served by hand delivery via process server to the following:

DANNY CHIPP, REGISTERED AGENT
C/O SUNBELT RENTALS, INC.
2015 DIRECTORS ROW
ORLANDO, FL 32809

_s/Kathryn C. Hopkinson, Esq._
Kathryn C. Hopkinson, Esq.
Florida Bar No. 0102666

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
A CIVIL ACTION

MARTY GREENE,
    Plaintiff,

                               CASE NO.:

v.                            DIVISION:

SUNBELT RENTALS, INC.,
    Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

PROPOUNDING PARTY:    Plaintiffs,      MARTY GREENE

RESPONDING PARTY:      Defendant,      SUNBELT RENTALS, INC.

SET NUMBER:            One

**TO DEFENDANT, SUNBELT RENTALS, INC., AND ITS ATTORNEYS OF RECORD:**

Pursuant to the Florida Rules of Civil Procedure, Plaintiff, MARTY GREENE, request that Defendant, SUNBELT RENTALS, INC., respond in writing, under oath, to the following Requests for Production of Documents within forty-five (45) days of service of this request, and produce and permit inspection and copying of the documents described within forty-five (45) days at Thompson Legal Center, LLC, 777 S. Harbour Island Blvd., Suite 245, Tampa, FL 33602. In lieu of producing the documents for inspection, Defendant may forward legible copies of them to counsel for Plaintiff on or before the date of production.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are incorporated by reference whenever applicable in this document.

    1. The terms "SUNBELT", "you," "your," or "Defendant," as used herein, shall mean Defendant, SUNBELT RENTALS, INC., and its servants, agents, employees, representatives, divisions, attorneys, and anyone else acting on its behalf.

    2.      The term "person," or "persons," as used herein, shall include any natural person, partnership, firm, corporation, trust, association, joint venture, public entity, business organization, or other legal entity.

    3.      The term "Plaintiff" as used herein, shall mean Plaintiff MARTY GREENE.

4.      The term "document," or "documents," as used herein, shall mean the original, or a copy of any kind, of written, typewritten, printed, or recorded material whatsoever, including, but not limited to, notes, memoranda, letters, diaries, calendars, articles, telegrams or other correspondence, worksheets, recordings, studies, analyses, opinions, books, reports, transcriptions of recordings, information retrievable from computers, pictures, drawings, photographs or other graphic representations, and any other physical means of communication, including tape recordings and magnetic tape. The term specifically includes any drafts, whether or not used, of the foregoing, and any altered or annotated copies of the foregoing.

5.      The term "Complaint," as used herein, shall mean the Complaint for Damages on file in this action.

6.      The term "personnel file," as used herein, shall include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, compensation and other similar records. For purposes of this request, the term "personnel record" need not include records of medical benefits, condition, or claims; designations of, or changes in, beneficiary; garnishments; income tax records; or insurance benefits, except as pertaining to Plaintiff's records.

7.      If any document is withheld under a claim of privilege or other protection, please provide all of the following information with respect to any such document, so as to aid the Court and the parties hereto in determining the validity of the claim of privilege or other protection:

(a)     The identity of the person(s) who prepared the document and who signed the document, and over whose name it was sent or issued
(b)     The identity of the person(s) to whom the document was directed
(c)     The nature and substance of the document, with sufficient particularity to enable the Court and the parties thereto to identify the document
(d)     The date of the document
(e)     The identity of the person(s) who has (have) custody of, or control over, the document and each copy thereof
(f)     The identity of each person to whom a copy of the document was furnished
(g)     The number of pages of the document
(h)     The basis on which any privilege or other protection is claimed
(i)     Whether any non-privileged or non-protected matter is included in the document

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR DOCUMENTS NO. 1:

Any and all documents which support, evidence, relate or otherwise pertain to any and all personnel policies of Defendant in effect from January 1, 2011 to the present, including but not limited to:

    (a)    Employee discipline policies, including but not limited to, counseling, written; warnings, suspension, demotion, and termination policies;

    (b)    Discrimination policies;

    (c)    Internal complaint or grievance procedures; and

    (d)    Equal Employment Opportunity (EEO) policies.

### REQUEST FOR DOCUMENTS NO. 2:

Any and all documents relating to or evidencing any investigation by Defendant into Plaintiff's claim of harassment or claim of harassment or discrimination, and or any in response to any supervisor and/or manager's notice of discrimination including but not limited to:

    (a)    Written statements of witnesses;

    (b)    Notes of interviews with witnesses;

    (c)    Tape recordings of any and all oral statements and/or interviews of witnesses;

    (d)    Transcriptions of any tape recordings of any and all oral statements and/or interviews of witnesses;

    (e)    Reports regarding the results of any and all investigations;

    (f)    Correspondence received from or sent to Plaintiff;

    (g)    Correspondence received from or sent to Defendant;

    (h)    Correspondence received from or sent to any person other than Defendant's counsel;

    (i)    Documents relating to or evidencing discussions between Plaintiff and Defendant;

    (j)    Documents relating to or evidencing discussions between Defendant and any person other than Defendant's counsel; and

    (k)    Documents received from or sent to any person other than Defendant's counsel.

### REQUEST FOR DOCUMENTS NO. 3:

Any and all documents which support, evidence, relate to, or otherwise reflect any action taken by Defendant in response to Plaintiff's complaints of harassment and/or discrimination and/or in response to Defendant's discovery that harassment and/or discrimination against the Plaintiff may have occurred.

### REQUEST FOR DOCUMENTS NO. 4:

The complete personnel file for Plaintiff Marty Greene, including but not limited to, any documents, records, memoranda, notes, or computer printouts which, were part of Plaintiff's personnel file at any time.

**REQUEST FOR DOCUMENTS NO. 5:**

Any and all documents not included in Plaintiff's personnel files which support, evidence, relate or otherwise pertain to Plaintiff's employment with Defendant, including, but not limited to, documents relating to or reflecting job performance, awards to Plaintiff, or discipline of Plaintiff.

**REQUEST FOR DOCUMENTS NO. 6:**

The complete personnel file of each manager over Plaintiff employed by Defendant from January 1, 2018 to the present, including but not limited to, any documents, records, memoranda, notes, or computer printouts which, were part of said employee's personnel file at any time.

**REQUEST FOR DOCUMENTS NO. 7:**

Any and all documents submitted to and/or received from the U.S. Equal Employment Opportunity Commission which concern or relate in any way to Plaintiff's charges of harassment and discrimination filed with said agency.

**REQUEST FOR DOCUMENTS NO. 8:**

Any and all documents submitted to and/or received from the Florida Commission on Human Relations which concern or relate in any way to Plaintiff's charges of harassment and discrimination filed with said agency.

**REQUEST FOR DOCUMENTS NO. 9:**

Any and all employee handbooks which you gave to Plaintiff during Plaintiff's employment with you.

**REQUEST FOR DOCUMENTS NO. 10:**

Any and all documents which support or evidence compensation paid to Plaintiff during Plaintiff's employment with you, including but not limited to, salary, bonuses, and commissions.

**REQUEST FOR DOCUMENTS NO. 11:**

Any and all documents which support or evidence employee benefits which you provided to Plaintiff during Plaintiff's employment with you, including but not limited to, a description of plan benefits and/or plan handbooks, or pamphlets for profit-sharing plans, medical and dental insurance, retirement benefits, and life insurance.

**REQUEST FOR DOCUMENTS NO. 12:**

Any and all documents which support, evidence, relate or otherwise pertain to any lawsuits, complaints, charges, or claims of employment discrimination/harassment made against Defendant in the region Plaintiff worked (other than those filed by Plaintiff) from January 1, 2018 to the present.

**REQUEST FOR DOCUMENTS NO. 13:**

Any and all documents which reflect or set forth Plaintiff's job assignments, duties and responsibilities during Plaintiff's work at Defendant.

**REQUEST FOR DOCUMENTS NO. 14:**

Any and all documents received through discovery in this case from any non-party relating to the Plaintiff.

**REQUEST FOR DOCUMENTS NO. 15:**

Please provide all disciplining records including but not limited to coachings, counselings, warnings, corrective actions and all other documents concerning job performance issues for each employee at Plaintiff's work location (8419 Palm River Road, Tampa, FL) between January 1, 2018 through January 1, 2021.

**REQUEST FOR DOCUMENTS NO. 16:**

Please provide all evaluations, performance planning and Appraisal documents, Annual Reviews, Performance Documents, Evaluations, Performance Appraisals, and/or any other performance documents, appraisals and evaluations for each employee at Plaintiff's work location (8419 Palm River Road, Tampa, FL) from January 1, 2018 through January 1, 2021.

**REQUEST FOR DOCUMENTS NO. 17:**

All documents which constitute or refer to communications between you and any third party pertaining or referring to the Plaintiff's individual job skills or qualifications.

**REQUEST FOR DOCUMENTS NO. 18:**

The Plaintiff's applications for employment with you, and if more than one, all applications for employment.

**REQUEST FOR DOCUMENTS NO. 19:**

Any resume or resumes of the Plaintiff which you received from any source.

**REQUEST FOR DOCUMENTS NO. 20:**

Documents which refer or constitute communications, including text messages, between Plaintiff and any of Defendant's supervisors or managers during Plaintiff's employment with you, including but not limited to documentation describing or constituting organizational charts, memos, letters, e-mails and the attachments, rebuttals, explanations, complaints.

**REQUEST FOR DOCUMENTS NO. 21:**

Any and all documents showing commendations or awards to Plaintiff during Plaintiff's employment with you, whether from the company itself, a customer, or from any source.

**REQUEST FOR DOCUMENTS NO. 22:**

Any and all documents reflecting any e-mail sent by you during Plaintiff's employment, to or concerning Plaintiff; this request includes e-mails in which Plaintiff is not copied.

**REQUEST FOR DOCUMENTS NO. 23:**

All documents which you believe relate to any of the allegations contained in Plaintiff's instant Complaint.

**REQUEST FOR DOCUMENTS NO. 24:**

Each and every document which you believe supports any and all denials of the allegations in Plaintiff's instant Complaint.

**REQUEST FOR DOCUMENTS NO. 25:**

Documents describing, summarizing or referring to any investigation conducted by you, at any time referring in any way to any employee's allegations of discrimination.

**REQUEST FOR DOCUMENTS NO. 26:**

The complete personnel files for the following past and/or current employees:
   (a) Marty Greene
   (b) Aaron Cook
   (c) Steven Jackson

Respectfully Submitted,

*/s/ Kathryn C. Hopkinson, Esq.*
**Kathryn C. Hopkinson, Esq.**
Florida Bar No.: 0102666
khthompsonlegal@gmail.com
**James M. Thompson, Esq.**

6

Florida Bar No.: 0861080
jmthompsonlegal@gmail.com
mkthompsonlegal@gmail.com
agthompsonlegal@gmail.com
clerk.thompsonlegal@gmail.com

THOMPSON LEGAL CENTER, LLC

777 S. Harbour Island Blvd., Ste. 245
Tampa, Florida 33602
(813) 769-3900 • (813) 425-3999 Fax

*Counselors for Plaintiff Greene*

<u>**CERTIFICATE OF SERVICE**</u>

**HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via hand delivery via process server to the following:

DANNY CHIPP, REGISTERED AGENT
C/O SUNBELT RENTALS, INC.
2015 DIRECTORS ROW
ORLANDO, FL 32809

*s/Kathryn C. Hopkinson, Esq.*
Kathryn C. Hopkinson, Esq.
Florida Bar No. 0102666

**IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
A CIVIL ACTION**

MARTY GREENE,
     Plaintiff,

                                       CASE NO.:  21-CA-343

v.                                  DIVISION:  K

SUNBELT RENTALS, INC.,
     Defendant.
_____/

THE STATE OF FLORIDA:
All and Singular the Sheriffs of the State:

<u>**SUMMONS**</u>

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in the above styled case upon the Defendant:

               DANNY CHIPP, REGISTERED AGENT
               C/O SUNBELT RENTALS, INC.
               2015 DIRECTORS ROW
               ORLANDO, FL 32809

Each defendant is required to serve written defenses to the Complaint on:

               KATHRYN C.; HOPKINSON, ESQ.
               Thompson Legal Center, LLC
               777 S. Harbour Island Blvd. Ste. 245
               Tampa, Florida 33602

within twenty (20) days after service of this Summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs Attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

WITNESS my hand and the seal of this Court on the 14th day of January ▮ 2021.

                           ▮▮▮▮ CINDY STUART
                           As Clerk of the Court

                           By:_____
                           Deputy Clerk

**IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
A CIVIL ACTION**

MARTY GREENE,
     Plaintiff,

                                     CASE NO.:   21-CA-000343

v.                                    DIVISION:

SUNBELT RENTALS, INC.,
     Defendant.
_____/

THE STATE OF FLORIDA:
All and Singular the Sheriffs of the State:

<u>**SUMMONS**</u>

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in the above styled case upon the Defendant:

                    DANNY CHIPP, REGISTERED AGENT
                    C/O SUNBELT RENTALS, INC.
                    2015 DIRECTORS ROW
                    ORLANDO, FL 32809

Each defendant is required to serve written defenses to the Complaint on:

                    KATHRYN C.; HOPKINSON, ESQ.
                    Thompson Legal Center, LLC
                    777 S. Harbour Island Blvd. Ste. 245
                    Tampa, Florida 33602

within twenty (20) days after service of this Summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs Attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

WITNESS my hand and the seal of this Court on the ___ day of January 13, 2021.

                    CINDY STEWART
                    As Clerk of the Court and Comptroller


                    By:_____
                    Deputy Clerk

Your request for summons has been received and processed through the e-filing portal and accepted to our local case maintenance system.

Please note the case number and Division Assignment on all future filings.

Case Style: Greene, Marty vs Sunbelt Rentals Inc
Case No: 21-CA-000343
Division K

The following action has been taken in this case:

( X  ) We are unable to issue the submitted summons, our records indicate that the summons has been previously issued on 01/14/2021. If you want an Alias Summons issued, please submit a Return of Non-Service or Unexecuted Summons for the previously issued summons and resubmit the Request for Summons as Alias Summons for processing, along with the $10.00 summons issuance fee

**ATTENTION:**

Effective immediately the following changes have been implemented:

The reporting criteria for amount of claim filing has been update under Amendment SC19-1354. As a result, the Civil Cover Sheet has been changed to allow the user to select a claim amount range, in place of the actual claim amounts.

 The amount of claim filing will now be entered using the following criteria:

☐ $8,000 or less                    _____

☐ $8,001 - $30,000                  _____

☐ $30,001 - $50,000                 _____

☐ $50,001 - $75,000                 _____

☐ $75,001 - $100.000                _____

☐ over $100,000                     _____

Effective 12/01/2020, our office will prepare, issue the summons and add to the case progress docket for the action. Summons will be prepared based on the attached revised Request for Issuance of Summons form. Summons will be available for download from hover.hillsclerk.com within 48 business hours. Issued summons will no longer be emailed to you after 12/01/2020 and must be downloaded by filer.

Veronica Phillips

Court Support Specialist, Civil Court Processing Center

P: (813) 276-8100

E: circivportal@hillsclerk.com | W: www.hillsclerk.com



Edgecomb Courthouse, 1st Fl , Room 103

800 E. Twiggs St, Tampa, FL 33602

Like us on Facebook



NOTICE: Under Florida law, e-mail addresses are public records. If you do not want your e-mail address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

CONFIDENTIALITY NOTICE: The information contained in this email message is intended for the personal and confidential use of the recipient(s) designated above. This message may contain information that is privileged, confidential and exempt from disclosure under law and any unauthorized or inadvertent use, receipt, disclosure, dissemination or distribution of such information shall not waive any such privilege. If you are not an intended recipient of this message, and/or you have received this message in error, then please notify the sender. Any unauthorized and/or unintended review, use, dissemination, distribution or reproduction of this message, or any of the information contained in it, is strictly prohibited.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

MARTY GREENE,

      Plaintiff,

vs.                              Case No:      21-CA-343

SUNBELT RENTALS, INC.,

      Defendant,

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant Sunbelt Rentals, Inc. ("Defendant") has on this date filed its Notice of Removal, a copy of which is attached hereto as Exhibit "A,"[1] in the Office of the Clerk of the United States District Court, Middle District of Florida.

Defendant has given written notice of the filing of this Notice of Removal to Plaintiff Rochelle Kinsey by notifying her attorneys of record: Kathryn C. Hopkinson, Esq. and James M. Thompson, Esq., Thompson Legal Center, LLC, 777 S. Harbour Island Blvd., Suite 245, Tampa, Florida 33602, Telephone: (813) 769-3900.

This is case is therefore removed to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1446(d), and all further proceedings in this Court are stayed unless and until the case is remanded.

---

[1] Omitted from Exhibit "A" are the Declaration of Yash B. Dave in Support of the Notice of Removal and Exhibits "1," "2," and "3" of the Notice of Removal, which respectively consist of the Complaint, State Court Docket, and Notice of Filing Notice of Removal.

Dated:  February 24, 2021               **SMITH, GAMBRELL & RUSSELL, LLP**

By:   /s/ Patricia J. Hill
Patricia J. Hill, Florida Bar No. 091324
E-mail: pjhill@sgrlaw.com
Secondary e-mail: apoole@sgrlaw.com
Yash B. Dave, Florida Bar No. 068573
E-mail: ydave@sgrlaw.com
Secondary e-mail: apoole@sgrlaw.com
Emily E. Tichenor, Florida Bar No. 123945
E-mail: etichenor@sgrlaw.com
Secondary e-mail: apoole@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202
Telephone: (904) 598-6100
Facsimile: (904) 598-6240
*Attorneys for Defendant Sunbelt Rentals, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2021, I electronically filed the foregoing with the Clerk of the Court and electronically served the same on Kathryn C. Hopkinson and James M. Thompson, *Attorneys for Plaintiff*, through the Statewide E-Filing Portal, if available, or by email directly.

/s/ Patricia J. Hill
Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO: _____

```
EXHIBIT
A
```

MARTY GREENE,

        Plaintiff,

v.

SUNBELT RENTALS, INC.,

        Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Sunbelt Rentals, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, herby files this Notice of Removal to remove the above-styled action from the Circuit Court for Hillsborough County, Florida, 13th Judicial Circuit, Case No.: 21-CA-343, to the United States District Court for the Middle District of Florida, on the grounds that it is an action in which the District Courts for the United States have original jurisdiction pursuant to 28 U.S.C. § 1332. In support of removal, Defendant states:

## PROCEDURAL HISTORY

1.      On or about January 13, 2021, Plaintiff Marty Greene ("Plaintiff") commenced the aforementioned action against Defendant by filing a Complaint in

1

the Circuit Court for Hillsborough County, Florida, 13th Judicial Circuit, titled *Marty Greene v. Sunbelt Rentals, Inc.*, Case No.: 21-CA-343.

2.      On February 4, 2021, Defendant received service of process through the service of the Summons, Complaint, Requests for Production, and Interrogatories.   Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of service of the Complaint.

## STANDARD FOR REMOVAL

3.      A defendant may remove an action to a United States District Court if that court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  District Courts have original jurisdiction over actions "where the matter in controversy exceeds the sum or value of $75,000," and the action is between "citizens of different States."   28 U.S.C. § 1332(a).  Otherwise stated, "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

4.      In determining the amount in controversy when "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  *Id.* at 1319.

5.      In establishing the amount in controversy, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). To establish the amount in controversy, a defendant may introduce its "own affidavits, declarations, or other documentation." *Id.* at 755.

6.      Further, "[t]he use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case." *Katz v. Southern-Owners Ins. Co.*, No. 8:20-cv-2364-T-24 CPT, 2020 WL 6537384, at *1 (M.D. Fla. Nov. 6, 2020).

## BASIS FOR REMOVAL OF THIS ACTION

7.      This Court possesses original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1441(a) and 1332 because this civil action is between citizens of different States and the amount in controversy exceeds $75,000.

8.      First, this action is between citizens of different States because the parties are residents of different states. Specifically, Plaintiff is a resident of Florida. *See* Complaint, ¶ 2 (stating that Plaintiff "is a Hillsborough County, Florida resident"). Defendant, on the other hand, is a resident of North Carolina and South Carolina because Defendant is incorporated in North Carolina and its principal place of business is in South Carolina. *See* Dave Dec., ¶ 2, Exh. A; *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every

3

State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").  Because Plaintiff is a resident of Florida and Defendant is a resident of North Carolina and South Carolina, this action is between citizens of different states.

9.      Second, the amount in controversy exceeds $75,000.   In the Complaint, Plaintiff seeks damages for back pay, front pay, emotional distress, pain and suffering, mental anguish, pre- and post-judgment interest, and attorneys' fees and costs.  *See* Complaint, Counts I, II, and III.  As set forth below, Plaintiff's back pay and front pay alone establish that the amount in controversy exceeds $75,000, and the other damages Plaintiff seeks further place the amount in controversy above the $75,000 threshold.

10.      In assessing back pay for purposes of removal, this Court calculates back pay from the date of the adverse employment action through the date of removal.  *See, e.g.*, *Ambridge v. Wells Fargo Bank, N.A.*, No. 8:14-cv-1212, 2014 WL 4471545, at *3 (M.D. Fla. Sep. 10, 2014) (calculating back pay from the date of termination through the date of removal).  Additionally, in light of the uncertainty surrounding calculating front pay, this Court will include one year of front pay in the amount in controversy.  *See id.* at *4-*5.

11.      Here, the amount in controversy regarding Plaintiff's back pay and front pay is at least $85,000, exceeding the $75,000 threshold.

12.     Plaintiff worked for Sunbelt from 2018 through June 11, 2020.  *See* Complaint, ¶ 5; Dave Dec., ¶ 3, Exh. B.  In 2019, the most recent full year in which Plaintiff worked for Defendant, Plaintiff earned $50,159.49.  *See* Dave Dec., ¶ 4, Exh. C.

13.     Because Plaintiff's employment with Defendant ended on June 11, 2020, and Defendant is removing this case on February 24, 2021, the amount in controversy regarding back wages is back wages for 258 days, or 70.68 percent of one year (i.e., 258/365).  Based on Plaintiff's earnings in 2019, the amount in controversy for Plaintiff's back wages at the time of removal is at least $35,452.73 (i.e., 70.68 percent of the amount Plaintiff earned in 2019).  In fact, the amount in controversy regarding back wages is higher than 70.68 percent of Plaintiff's 2019 earnings because Plaintiff received a raise of $1.45 per hour in September 2019, making Plaintiff's hourly rate in 2020 higher than his hourly rate for most of 2019. *See* Dave Dec., ¶ 5, Exhs. D & E.  Therefore, a conservative estimate of the amount in controversy regarding only the back wages is $35,000.

14.     Next, the amount in controversy with respect to front pay easily surpasses $50,000 because, as explained above, Plaintiff earned $50,159.49 in 2019, and most of Plaintiff's 2019 wages were based on a lower hourly rate than Plaintiff would have earned in 2020.  *See* Dave Dec., ¶ 5, Exhs. D & E.  However, to be

conservative, Defendant estimates an amount of $50,000 for the amount in controversy regarding front pay.

15.     Therefore, a conservative estimate of the amount in controversy based on Plaintiff's back wages and front pay, without considering the attorney's fees and other damages Plaintiff claims, is $85,000 (i.e., $35,000 in back wages and $50,000 in front pay).   This estimate does not include the attorney's fees and emotional distress damages Plaintiff seeks.

16.     The other damages Plaintiff seeks place the amount in controversy further above the $75,000 threshold.  For example, as identified above, Plaintiff seeks attorney's fees.  Similar to back wages, attorney's fees are calculated from the date Plaintiff's attorney began representing Plaintiff through the date of removal.  *See Wheeler v. T-Mobile USA, Inc.*, No. 8:16-cv-1299-T-27AEP, 2016 WL 11493326 (M.D. Fla. Aug. 4, 2016) ("While attorneys' fees may be considered because they are authorized by the FCRA, it is only proper to consider fees that have been incurred 'at the time of removal, not later.'").  Here, the attorney's fees incurred from the date Plaintiff's attorney began representing Plaintiff to the date of the removal add several thousand dollars to the amount in controversy.

17.     Plaintiff's attorney began representing Plaintiff before Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, a prerequisite to

filing the lawsuit.  *See* Dave Dec., ¶ 6, Exh. F.  Therefore, Plaintiff incurred attorney's fees for attorney work such as communicating before and after filing the Charge of Discrimination; reviewing case documents; preparing, submitting, and handling the Charge of Discrimination; drafting, filing, and serving the Complaint, and drafting and serving discovery requests.

18.    In *Love v. N. Tool & Equip. Co.*, No. 08-20453-CIV, 2008 WL 2955124 (S.D. Fla. Aug. 1, 2008), the United States District Court for the Southern District of Florida explained that attorney's fees prior to removal in an employment discrimination case include the type of work Plaintiff's attorney performed here: "I think a reasonable estimate would include two hours to meet with the client, two hours to review the EEOC file and any additional documents the client may have had, and six hours of research into the current state of the law and to draft a one-count, two-page complaint."  *Id.* at *4.  In *Love*, the Court determined that ten hours of pre-removal attorney work was a reasonable estimate.

19.    Here, Plaintiff's attorneys have spent more time on Plaintiff's case than the plaintiff's attorney spent on the case pre-removal in *Love*.  For example, the Complaint in *Love* was only two pages and contained only one count, while Plaintiff's Complaint contains ten pages and three counts.  *See* Complaint. Therefore, it is reasonable to assume that Plaintiff's attorneys spent more time drafting the Complaint than the attorneys did in *Love*.  Additionally, unlike in *Love*,

Plaintiff served discovery requests with the Complaint, so Plaintiff's attorneys spent additional time preparing those requests that the attorneys in *Love* did not. *See* Dave Dec., ¶ 7, Exh. G.  Therefore, based on the length of the Complaint, the discovery requests, and other work Plaintiff's attorneys have performed in this case, it is not unreasonable to assume that Plaintiff's attorneys have spent at least 20 hours on this case thus far.  The average fee rate between the two attorneys listed on the Complaint is at least $300 (*See* Dave Dec., ¶ 8, Exh. H), so a conservative estimate of attorney's fees for purposes of the amount in controversy is $6,000.  Therefore, after adding conservative estimates of back wages, front pay, and attorney's fees, the amount in controversy is at least $91,000.

20.     Finally, as identified above, Plaintiff seeks damages for emotional distress, pain and suffering, and mental anguish.  Although those damages may not be calculable at this point, the Court can assume that the damages sought by Plaintiff are greater than zero.  *See, e.g.*, *Ambridge v. Wells Fargo Bank, N.A.*, No. 8:14-cv-1212, 2014 WL 4471545, at *5 (M.D. Fla. Sep. 10, 2014) (using "[j]udicial experience, common sense, and the submitted evidence" to estimate damages). These non-zero damages put the amount in controversy above $91,000, far exceeding the $75,000 threshold.

21.     Here, the evidence, along with reasonable inferences and deductions, establishes that the amount in controversy easily exceeds the $75,000 threshold for diversity jurisdiction.

22.     Removal to this Court is proper because the state court action was filed in the Circuit Court, Thirteenth Judicial Circuit for Hillsborough County, and, therefore, this is "the district court of the United States for the district and division within which such action is pending."   28 U.S.C. § 1446(a).   Additionally, the Complaint alleges that a substantial part of the acts complained of occurred primarily in Tampa, Hillsborough County, Florida.   (Complaint ¶¶ 1, 2). Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 89(b) and 1441(a).

23.     Defendant has complied with all conditions precedent to removal.

24.     This Notice of Removal is being served upon Plaintiff by notifying his attorneys of record, Kathryn C. Hopkinson, Esq. and James M. Thompson, Esq., Thompson Legal Center, LLC, 777 S. Harbour Island Blvd., Suite 245, Tampa, Florida 33602, Telephone: (813) 769-3900.

25.     Pursuant to 28 U.S.C. § 1446(a), Defendant has attached a copy of all documents served on it in the state court action.   True and legible copies of all process, pleadings and orders served by or upon Defendant are attached hereto as Exhibit "1."

26.   Pursuant to Local Rule 1.06(b), true and legible copies of each paper docketed in the state court action are attached hereto as Exhibit "2."

27.   Defendant has also filed a Notice of Filing Notice of Removal ("Notice of Filing") with the Circuit Court of Hillsborough County Florida, 13th Judicial Circuit, the court from which this action is being removed.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "3."[1]

WHEREFORE, Defendant Sunbelt Rentals, Inc., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully files this Notice of Removal to remove this action from the Circuit Court of Hillsborough County, Florida, 13th Judicial Circuit, to this Court.

Dated: February 24, 2021

**SMITH, GAMBRELL & RUSSELL, LLP**

By:  /s/ Patricia J. Hill
Patricia J. Hill, Florida Bar No. 091324
E-mail: pjhill@sgrlaw.com
Yash B. Dave, Florida Bar No. 068573
E-mail: ydave@sgrlaw.com
Emily E. Tichenor, Florida Bar No. 123945
E-mail: etichenor@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202
Telephone: (904) 598-6100
Facsimile: (904) 598-6240
*Attorneys for Defendant Sunbelt Rentals, Inc.*

---

[1] Omitted from Exhibit "B" is Exhibit "1" of the Notice of Filing Notice of Removal that consists of this Notice of Removal and exhibits.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and have served a copy of foregoing along with a copy of the Notice of Electronic Filing to Plaintiff's counsel as indicated below.

*Via U.S. Certified Mail,*
*Return Receipt Requested*
Kathryn C. Hopkinson, Esq.
James M. Thompson, Esq.
Thompson Legal Center, LLC
777 S. Harbour Island Blvd., Suite 245
Tampa, Florida 33602
Telephone: (813) 769-3900
*Attorneys for Plaintiff Marty Greene*

By: _____/s/ Patricia J. Hill_____
Attorney

11

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

MARTY GREENE,

     Plaintiff,

vs.                              Case No:     21-CA-343

SUNBELT RENTALS, INC.,

     Defendant,

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant Sunbelt Rentals, Inc. ("Defendant") has on this date filed its Notice of Removal, a copy of which is attached hereto as Exhibit "A,"[1] in the Office of the Clerk of the United States District Court, Middle District of Florida.

Defendant has given written notice of the filing of this Notice of Removal to Plaintiff Rochelle Kinsey by notifying her attorneys of record: Kathryn C. Hopkinson, Esq. and James M. Thompson, Esq., Thompson Legal Center, LLC, 777 S. Harbour Island Blvd., Suite 245, Tampa, Florida 33602, Telephone: (813) 769-3900.

This is case is therefore removed to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1446(d), and all further proceedings in this Court are stayed unless and until the case is remanded.

---

[1] Omitted from Exhibit "A" are the Declaration of Yash B. Dave in Support of the Notice of Removal and Exhibits "1," "2," and "3" of the Notice of Removal, which respectively consist of the Complaint, State Court Docket, and Notice of Filing Notice of Removal.

EXHIBIT

3

Dated:  February 24, 2021                    **SMITH, GAMBRELL & RUSSELL, LLP**

                                            By:  /s/ Patricia J. Hill
                                            Patricia J. Hill, Florida Bar No. 091324
                                            E-mail: pjhill@sgrlaw.com
                                            Secondary e-mail: apoole@sgrlaw.com
                                            Yash B. Dave, Florida Bar No. 068573
                                            E-mail: ydave@sgrlaw.com
                                            Secondary e-mail: apoole@sgrlaw.com
                                            Emily E. Tichenor, Florida Bar No. 123945
                                            E-mail: etichenor@sgrlaw.com
                                            Secondary e-mail: apoole@sgrlaw.com
                                            50 N. Laura Street, Suite 2600
                                            Jacksonville, Florida 32202
                                            Telephone: (904) 598-6100
                                            Facsimile: (904) 598-6240
                                            *Attorneys for Defendant Sunbelt Rentals, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2021, I electronically filed the foregoing with the Clerk of the Court and electronically served the same on Kathryn C. Hopkinson and James M. Thompson, *Attorneys for Plaintiff*, through the Statewide E-Filing Portal, if available, or by email directly.

                                    /s/ Patricia J. Hill
                                            Attorney

2