# IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
## A CIVIL ACTION

MARTY GREENE,
  Plaintiff,

v.

                CASE NO.:
                DIVISION:

SUNBELT RENTALS, INC.,       COMPLAINT FOR DAMAGES
  Defendant.             JURY TRIAL DEMANDED
_____/

## COMPLAINT

  Plaintiff, MARTY GREENE, sues Defendant, SUNBELT RENTALS, INC., and states as follows:

## GENERAL ALLEGATIONS

  1. Defendant SUNBELT RENTALS, INC. (hereinafter "Defendant" or "Sunbelt") is a foreign corporation doing business in and for Hillsborough County, Tampa, Florida.

  2. Plaintiff MARTY GREENE (hereinafter "Plaintiff" or "Greene") is a former employee of Defendant's and is a Hillsborough County, Florida resident.

  3. The amount in controversy currently exceeds $30,000.00.

  4. Plaintiff Greene is a black, African American male.

  5. Plaintiff Greene was hired by Defendant in or around 2018 as a Driver 3.

  6. At all times relevant, Plaintiff Greene adequately performed the functions of his job.

  7. At all times relevant Plaintiff Greene and the other black, African American employees were subjected to rampant racism in the workplace.

  8. In or around September of 2019, Plaintiff Greene made a complaint to Human Resources against supervisor Aaron Cook (white) alleging near-constant use, verbally and in

writing, of the word "nigger," "cock," etc., as well as many other racist remarks verbally and via text message such as "these fucking niggers must not think I'm going to find out about this," racist actions and disparate treatment based on color (black) and race (African American).

9. Several of Plaintiff Greene's black co-workers also complained about the rampant racism and disparate treatment based on race and color perpetuated by Defendant and Mr. Cook.

10. Mr. Cook's response to these legally protected complaints was to state, "[t]hese niggers must not think I'm going to find out about this."

11. Immediately following the complaints, Mr. Cook became even more hostile and discriminatory towards Plaintiff Greene.

12. Plaintiff Greene's complaints were ignored by Defendant.

13. Mr. Cook's discrimination and harassment continued and intensified.

14. In or around May of 2020, after months of daily hostility, discrimination, racism, and harassment, Mr. Cook got in Plaintiff Greene's face, yelling at him, and Plaintiff Greene told Mr. Cook to get out of his face in a forceful manner.

15. Plaintiff Greene was written up for standing up for himself against Mr. Cook.

16. Again, Plaintiff Greene's complaints of discrimination, harassment, and retaliation based on race and color were ignored by Defendant.

17. In or around the beginning of June of 2020, Plaintiff Greene suffered dehydration, passed out while operating a forklift, and hit a fence causing very minor damage.

18. Defendant took this opportunity to immediately fire Plaintiff Greene for the pretextual reason of getting in an accident with the forklift.

19. If Plaintiff Greene was not a black, African American, and had not complained of discrimination, harassment, and retaliation, Plaintiff Greene would not have been fired.

20. There are several comparators that were white or had not complained of discrimination, harassment, or retaliation, that had not even been counseled or written up for getting into much worse accidents.

21. Plaintiff Greene was pretextually terminated on or around June 11, 2020.

22. The above describes only a small portion of the discriminatory, harassing and retaliatory actions taken against Plaintiff Greene. Plaintiff Greene reserves the right to amend his complaint as the case moves forward.

## COUNT I
### Color Discrimination and Harassment – FCRA

23. Plaintiff Greene realleges paragraphs 1-22 as if fully alleged herein.

24. This action is brought against Defendant pursuant to The Florida Civil Rights Act; Florida Statutes Chapter 760 ("Chapter 760").

25. At all times relevant, Defendant Sunbelt employed over fifteen (15) employees.

26. Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination and harassment by subjecting Plaintiff Greene to disparate treatment based on his color (black) in violation of Chapter 760.

27. The above-described discriminatory and harassing conduct adversely affected the terms and conditions of Plaintiff Greene's employment and interfered with Plaintiff Greene's emotional well-being.

28. Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 1-22.

29. As a result of the discriminatory and harassing actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Greene from further discrimination, Plaintiff Greene suffered emotional distress.

30. Defendant violated Chapter 760 by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of their employees and management as described in paragraphs 1-22.

31. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination and harassment from the workplace and to prevent it from occurring in the future.

32. Plaintiff Greene is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other harassing and discriminatory practices against him which are not yet fully known. At such time as said harassing and discriminatory practices become known to him, Plaintiff Greene will seek leave of Court to amend this Complaint in that regard.

33. Plaintiff Greene dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR") against Defendant on or around June 23, 2020. Over 180 days have elapsed since filing his charges. Accordingly, Plaintiff Greene has exhausted his administrative remedies.

34. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff Greene has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Greene is thereby entitled to general and compensatory damages in amounts to be proven at trial.

35. As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Greene has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has

thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Greene, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Greene requests that attorneys' fees and costs be awarded pursuance to Chapter 760 and applicable State law.

36. Plaintiff Greene demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff Greene prays this Court award judgment in his favor against Defendant Sunbelt for compensatory damages including back pay, front pay (or reinstatement) and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

## COUNT II
### Race Discrimination and Harassment – FCRA

37. Plaintiff Greene realleges paragraphs 1-22 as if fully alleged herein.

38. This action is brought against Defendant pursuant to The Florida Civil Rights Act; Florida Statutes Chapter 760 ("Chapter 760").

39. At all times relevant, Defendant Sunbelt employed over fifteen (15) employees.

40. Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination by subjecting Plaintiff Greene to disparate treatment based on his race (African American) in violation of Chapter 760.

41. The above-described discriminatory conduct adversely affected the terms and conditions of Plaintiff Greene's employment and interfered with Plaintiff Greene's emotional well-being.

42. Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 1-22.

43. As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Greene from further discrimination, Plaintiff Greene suffered emotional distress.

44. Defendant violated Chapter 760 by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of their employees and management as described in paragraphs 1-22.

45. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

46. Plaintiff Greene is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other harassing and discriminatory practices against him which are not yet fully known. At such time as said harassing and discriminatory practices become known to him, Plaintiff Greene will seek leave of Court to amend this Complaint in that regard.

47. Plaintiff Greene dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR") against Defendant on or around June 23, 2020. Over 180 days have elapsed since filing his charges. Accordingly, Plaintiff Greene has exhausted his administrative remedies.

48. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff Greene has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities subject to mitigation due to

the job Plaintiff obtained after discharge. Plaintiff Greene is thereby entitled to general and compensatory damages in amounts to be proven at trial.

49. As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Greene has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Greene, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Greene requests that attorneys' fees and costs be awarded pursuance to Chapter 760 and applicable State law.

50. Plaintiff Greene demands trial by jury on all issues so triable.

Wherefore, Plaintiff Greene prays this Court award judgment in his favor against Defendant Sunbelt for compensatory damages including mitigated back pay, mitigated front pay (or reinstatement) and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

## COUNT III
Retaliation – FCRA

51. Plaintiff Greene realleges paragraphs 1-22 as if fully alleged herein.

52. This action is brought against Defendant pursuant to The Florida Civil Rights Act; Florida Statutes Chapter 760 ("Chapter 760").

53. At all times relevant, Defendant Sunbelt employed over fifteen (15) employees.

54. Plaintiff Greene began complaining of race and color discrimination and harassment in or around September of 2019.

55. Plaintiff Greene began to be treated even worse and was put under a microscope after complaining of discrimination and harassment.

56. Plaintiff Greene was immediately retaliated against and was pretextually terminated on or around June 11, 2020.

57. Defendant engaged in retaliation against Plaintiff Greene after he engaged in protected activity by subjecting Plaintiff Greene to further hostility, further discrimination, further harassment and ultimately pretextually terminating him.

58. The above-described retaliatory conduct adversely affected the terms and conditions of Plaintiff Greene's employment and interfered with Plaintiff Greene's emotional well-being.

59. As a result of the retaliatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Greene from further retaliation, Plaintiff Greene suffered emotional distress.

60. Plaintiff Greene is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other retaliatory practices against him which are not yet fully known. At such time as said retaliatory practices become known to him, Plaintiff Greene will seek leave of this Court to amend this Complaint in that regard.

61. Plaintiff Greene dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights ("FCHR") against Defendant on or around June 23, 2020. Over 180 days have elapsed since filing his charges. Accordingly, Plaintiff Greene has exhausted his administrative remedies.

62. As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against him, Plaintiff Greene has suffered and will continue to suffer pain and suffering,

mental anguish and emotional distress and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Greene is thereby entitled to general and compensatory damages in amounts to be proven at trial.

63. As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Greene has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Greene, who therefore will seek leave of this Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Greene requests that attorneys' fees and costs be awarded pursuant to Chapter 760 and applicable State law.

64. Plaintiff Greene demands trial by jury on all issues so triable.

Wherefore, Plaintiff Greene prays this Court award judgment in his favor against Defendant Sunbelt for compensatory damages including back pay, front pay (or reinstatement) and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

Dated: January 13, 2021                                    Respectfully Submitted,

*/s/* Kathryn C. Hopkinson
**Kathryn C. Hopkinson, Esq.**
Florida Bar No.: 0102666
khthompsonlegal@gmail.com
**James M. Thompson, Esq.**
Florida Bar No.: 0861080
jmthompsonlegal@gmail.com
mkthompsonlegal@gmail.com
agthompsonlegal@gmail.com

Page **9** of **10**

THOMPSON LEGAL CENTER, LLC.

777 S. Harbour Island Blvd., Suite 245
Tampa, Florida 33602
(813) 769-3900 • (813) 425-3999 Fax

*Counselors for Plaintiff Greene*